**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTY KOSTRO and MICHAEL KOSTRO,<br><br>*Plaintiffs*,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR AMERICAN CORPORATION, HYUNDAI MOTOR COMPANY, JOHN DOE MANUFACTURER 1, JOHN DOE MANUFACTURER 2, JOHN DOE DISTRIBUTOR 1, JOHN DOE DISTRIBUTOR 2 AND JOHN DOE DEALERSHIP,<br><br>*Defendants.* | CIVIL ACTION NO.: 3:17-cv-01006-MEM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HYUNDAI MOTOR AMERICA'S (INCORRECTLY CAPTIONED AS "HYUNDAI MOTOR AMERICA; HYUNDAI MOTOR AMERICAN CORPORATION") ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendant Hyundai Motor America (incorrectly captioned as "Hyundai Motor America; Hyundai Motor American Corporation") (hereinafter "HMA") by and through its undersigned counsel, hereby responds to Plaintiffs' Complaint as follows:

1. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

2. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

3. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

4. Denied in part, admitted in part. It is admitted that HMA is a corporation that conducts business in the Commonwealth of Pennsylvania with its principal place of business located in Fountain Valley, California. The remaining allegations constitute conclusions of law to which no response is required by HMA.

5. Denied. By way of further response and upon information and belief, there is no entity by the name "Hyundai Motor American Corporation."

6. Denied. The allegations set forth in this paragraph refer exclusively to another named party and, therefore, no response is required by HMA. By way of further response and upon information and belief, Hyundai Motor Company is a Korean company with its principal place of business located in Seoul, South Korea; Hyundai Motor Company does not conduct business in the Commonwealth of Pennsylvania nor does have it have a registered agent for service in the Commonwealth of Pennsylvania.

7. – 11. Denied. The allegations set forth in these paragraphs refer exclusively to another named party and, therefore, no response is required by HMA.

12. Denied in part, admitted in part. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA is engaged in the business of designing, manufacturing, "constructing" and/or assembling motor vehicles, including the subject 2005 Hyundai Elantra, bearing VIN KMHDN46D25U931468 (hereinafter the "subject Elantra"). It is also denied that HMA is

engaged in the business of "buying/selling" motor vehicles, including their component parts, to consumers, including Plaintiffs. It is admitted only that HMA distributed the subject Elantra to an authorized dealership. It is denied that the subject Elantra was defective either as alleged in Plaintiffs' Complaint or in any other manner whatsoever. If Plaintiffs sustained any injuries, damages or losses, HMA denies any and all liability for same. As to the remaining allegations set forth in this paragraph, after reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

13. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded. If Plaintiffs sustained any injuries, damages or losses, HMA denies any and all liability for same. Insofar as the allegations set forth in this paragraph constitute conclusions of law, no response is required by HMA.

14. Denied in part, admitted in part. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed, manufactured, maintained and/or sold the subject Elantra. It is admitted only that HMA distributed the subject Elantra to an authorized dealership. It is denied that the subject Elantra "malfunctioned," either as alleged in Plaintiffs' Complaint or in any other manner whatsoever. If Plaintiffs sustained any injuries, damages or losses, HMA denies any and all liability for same.

15. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and,

therefore, said allegations are denied and proof thereof is demanded. If Plaintiffs sustained any injuries, damages or losses, HMA denies any and all liability for same. Insofar as the allegations set forth in this paragraph constitute conclusions of law, no response is required by HMA.

16. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA failed to "properly inspect" the subject Elantra, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever. It is denied that HMA is engaged in the business of performing maintenance to motor vehicles, including the subject Elantra and its component parts.

17. Denied. It is denied that HMA designed or manufactured the subject Elantra and/or its airbag system.

18. Denied.

19. Denied.

20. Denied. It is denied that HMA made any "modifications" and/or "alterations" to the subject Elantra or its airbag system. All remaining allegations set forth in this paragraph are denied.

21. – 24. Denied.

25. Denied. The allegations set forth in this paragraph refer exclusively to Plaintiff's state of mind and no response is required by HMA.

26. – 39. Denied.

**AS TO COUNT I – NEGLIGENCE**

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor America Corporation and Hyundai Motor Company**

40. HMA incorporates herein by reference its responses to paragraphs one (1) through thirty-nine (39) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

41. Denied.

42.-53. Denied. The allegations set forth in these paragraphs constitute conclusions of law and no response is required by HMA.

54. Denied.

55(a)-(s), inclusive. Denied.

56. – 66. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT II – NEGLIGENCE**

**Christy Kostro and Michael Kostro v. John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership *(incorrectly identified in Complaint as "John Doe Company 1, John Doe Company 2, John Doe Company 3, John Doe Company 4 and John Doe Company 5")***

67. HMA incorporates herein by reference its responses to paragraphs one (1) through sixty-six (66) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

68. – 93. Denied. The allegations set forth in these paragraphs refer exclusively to other named parties and no response is required by HMA.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT III – PRODUCTS LIABILITY – NEGLIGENCE AND/OR STRICT LIABILITY FOR DEFECTIVE DESIGN, MANUFACTURING AND MARKETING**

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor American Corporation and Hyundai Motor Company**

94. HMA incorporates herein by reference its responses to paragraphs one (1) through ninety-three (93) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

95. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed, manufactured and/or sold the subject Elantra to any consumer, including Plaintiffs. As to the remaining allegations set forth in this paragraph, after reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

96. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA "owned and/or leased" the subject Elantra.

97. - 105. Denied.

106. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA sold the subject Elantra to any consumer, including Plaintiffs. It is further denied that the subject Elantra is and/or was defective, unreasonably dangerous and/or unsafe, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever. To the extent that the allegations set forth in this paragraph refer to Plaintiff's state of mind, no response is required by HMA.

107. Denied.

108. Denied. The allegation set forth in this paragraph refers exclusively to Plaintiff's state of mind and no response is required by HMA.

109. – 118. Denied.

119. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed, manufactured and/or sold the subject Elantra to any consumer, including Plaintiffs. It is denied that the subject Elantra is and/or was unsafe or "hazardous," either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

120. Denied. The allegations set forth in this paragraph constitute conclusions of law and no response is required by HMA.

121. Denied in part, admitted in part. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is

denied that HMA is and/or was a "wholesaler," "retailer" and/or "supplier". It is admitted only that HMA distributed the subject Elantra to an authorized dealership.

122. Denied in part, admitted in part. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA is and/or was a "wholesaler," "retailer" and/or "supplier". It is admitted only that HMA distributed the subject Elantra to an authorized dealership.

123. Denied in part, admitted in part. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA is and/or was a "wholesaler," "retailer" and/or "supplier". It is admitted only that HMA distributed the subject Elantra to an authorized dealership.

124. - 125. Denied. The allegations set forth in these paragraphs constitute conclusions of law to which no response is required by HMA.

126. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed the subject Elantra or its component parts. It is further denied that the subject Elantra is and/or was not safe, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

127. Denied.

128. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA

manufactured the subject Elantra. It is further denied that the subject Elantra contains and/or contained any defects, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

129(a)-(q), inclusive. Denied.

130. Denied.

131. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA performed any maintenance to the subject Elantra or sold the same to any consumer, including Plaintiffs.

132. – 149. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT IV – PRODUCTS LIABILITY – NEGLIGENCE AND/OR STRICT LIABILITY FOR DEFECTIVE DESIGN, MANUFACTURING AND MARKETING**

**Christy Kostro and Michael Kostro v. John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership**

150. HMA incorporates herein by reference its responses to paragraphs one (1) through one hundred and forty-nine (149) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

151. – 205. Denied. The allegations set forth in these paragraphs refer exclusively to other named parties and no response is required by HMA.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT V – NEGLIGENT MAINTENANCE**

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor American Corporation and Hyundai Motor Company**

206. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and five (205) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

207. Denied.

208. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed and/or performed any maintenance to the subject Elantra. It is further denied that the subject Elantra is and/or was unsafe, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

209. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA manufactured the subject Elantra. It is further denied that the subject Elantra was defective, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

210. – 212. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT VI – NEGLIGENT MAINTENANCE**

**Christy Kostro and Michael Kostro v. John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership**

213. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and twelve (212) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

214. – 218. Denied. The allegations set forth in these paragraphs refer exclusively to other named parties and no response is required by HMA.

219. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT VII – PRODUCT LIABILITY/MALFUNCTION**

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor American Corporation and Hyundai Motor Company**

220. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and nineteen (219) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

221. Denied.

222. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA designed and/or performed any maintenance to the subject Elantra. It is further denied that the subject Elantra was unsafe, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

223. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA manufactured the subject Elantra. It is further denied that the subject Elantra is and/or was defective, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

224. Denied.

225. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT VIII – PRODUCT LIABILITY/MALFUNCTION**

**Christy Kostro and Michael Kostro v. John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership**

226. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and twenty-five (225) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

227. – 229. Denied. The allegations set forth in these paragraphs refer exclusively to other named parties and no response is required by HMA.

230. – 231. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

**AS TO COUNT IX – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor American Corporation and Hyundai Motor Company**

232. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and thirty-one (231) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

233. Denied. Insofar as the allegations set forth in this paragraph are addressed to other named parties and constitute conclusions of law, no response is required by HMA. To the extent the allegations set forth in this paragraph refer to HMA, it is denied that HMA issued any warranties other than certain written limited warranties which were extended to the original

purchaser of the subject Elantra and any and all warranties applicable to the vehicle are limited to those set forth therein.

234. – 236. Denied.

237. Denied. It is denied that HMA issued any affirmations and/or promises other than certain written limited warranties which were extended to the original purchaser/lessee of the subject Elantra and any and all warranties applicable to the vehicle are limited to those set forth therein. It is denied that HMA breached any warranty and/or that the subject Elantra failed to conform to any warranty, either as alleged in Plaintiffs' Complaint or in any other manner whatsoever.

238. Denied. The allegations set forth in this paragraph constitute conclusions of law and no response is required by HMA.

239. – 241. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

## AS TO COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

**Christy Kostro and Michael Kostro v. John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership**

242. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and forty-one (241) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

243. Denied. The allegations set forth in this paragraph refer exclusively to other named parties and no response is required by HMA.

244. – 251. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

## AS TO COUNT XI – LOSS OF CONSORTIUM

**Christy Kostro and Michael Kostro v. Hyundai Motor America, Hyundai Motor American Corporation, Hyundai Motor Company, John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership**

252. HMA incorporates herein by reference its responses to paragraphs one (1) through two hundred and fifty-one (251) of Plaintiffs' Complaint as if said responses are fully set forth at length herein.

253. Denied. After reasonable investigation, HMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

254. Denied. If Plaintiffs sustained any injuries, damages or losses, HMA denies any and all liability for same. Insofar as the allegations set forth in this paragraph constitute conclusions of law, no response is required by HMA.

255. Denied.

**WHEREFORE**, defendant Hyundai Motor America denies that Plaintiffs are entitled to any judgment against it, in any amount, including any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees and or any other relief or damages and, defendant, Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims asserted in their Complaint, together with all costs of suit and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to defendant HMA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, Christy Kostro may have been contributorily and/or comparatively negligent and therefore, her alleged damages, if any, are limited or barred by her comparative fault or negligence and/or the Pennsylvania Comparative Negligence Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have assumed the risk of their activities and/or the risk of a known danger.

**FIFTH AFFIRMATIVE DEFENSE**

Any conduct allegedly causing liability on the part of defendant HMA was not a legal or proximate cause of the subject accident or Plaintiffs' alleged injuries, damages or losses.

**SIXTH AFFIRMATIVE DEFENSE**

The injuries, damages or losses allegedly sustained by Plaintiffs may have been caused entirely by, or contributed to by, the negligent acts or omissions or the strict liability of Plaintiffs themselves or individuals and entities other than HMA.

**SEVENTH AFFIRMATIVE DEFENSE**

Negligent acts or omissions of Plaintiffs and/or individuals and/or entities other than defendant HMA constitute intervening, supervening and/or superseding acts of negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

The subject Elantra referenced in Plaintiff's Complaint, including its airbag system and other components, may have been misused or abnormally used at the time of the occurrence of the subject accident.

**NINTH AFFIRMATIVE DEFENSE**

The injuries, damages or losses allegedly sustained by Plaintiffs were not proximately caused by the defendant HMA and Plaintiffs' Complaint fails to allege any act or omission on the part of defendant HMA which constitutes proximate cause.

**TENTH AFFIRMATIVE DEFENSE**

The subject Elantra referenced in Plaintiffs' Complaint, including its airbag system and other component parts, may have been substantially altered and/or changed after it left the possession and control of the manufacturer or distributor.

## ELEVENTH AFFIRMATIVE DEFENSE

The subject Elantra referenced in Plaintiffs' Complaint, including its airbag system and other component parts, complied with any and all applicable federal, state, local and industry standards, customs and regulations and the vehicle was state-of-the-art.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses which Plaintiffs may have sustained were caused by the improper, abnormal, unforeseeable and unintended use and/or the misuse of the subject Elantra, including its airbag system and other component parts, by Plaintiffs or other persons and entities for which defendant HMA is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and or entities or other persons not in the control of defendant HMA may be responsible for the destruction and/or spoliation of evidence resulting in prejudice to defendant, HMA in its ability to prepare a defense to Plaintiffs' claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant, HMA pleads the release, if any, that may have been executed or will be executed by Plaintiffs and states that such release eliminates or diminishes the alleged liability of HMA and damages in this action or may bar any recovery by Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may be barred from maintaining their claims based upon estoppels, waiver collateral estoppel, *res judicata* and/or adjudication.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Abnormal use, unforeseeable use, abuse or misuse of the subject Elantra referenced in Plaintiffs' Complaint, including its airbag system and other component parts, may constitute the sole and exclusive cause of the subject accident and/or the injuries, damages and losses alleged in Plaintiffs' Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant, HMA generally denies each and every allegation contained in Plaintiffs' Complaint as it relates to its alleged liability.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant, HMA hereby reserves the right, upon consideration of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

## TWENTIETH AFFIRMATIVE DEFENSE

Venue may be improper or inconvenient in the United States District Court for the Middle District of Pennsylvania.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages may be barred or limited by the laws of other jurisdictions or countries and HMA reserves the right to assert choice of law challenges and any applicable defenses under the law of any other jurisdiction or country, if applicable, in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Honorable Court may lack jurisdiction over HMA.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries, damages or losses may have been caused and/or significantly contributed to by Plaintiff Christy Kostro's failure to utilize or properly utilize an available occupant restraint in the subject Elantra identified in Plaintiffs' Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The accident referred to in Plaintiffs' Complaint and/or the injuries and/or damages alleged by Plaintiffs may have been caused, in whole or in part, by a sudden medical emergency, including but not limited to a sudden and unexpected loss of consciousness.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

In the event that it is determined that a product originally distributed by HMA was involved as alleged in Plaintiffs' Complaint, said product, including its component parts, did not lack any element needed to make it safe for its intended and/or ordinary use at the time it left the possession and control of defendant HMA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs may have failed to properly and/or timely issue and serve the Summons and the Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries, damages and losses were the result of an independent, intervening agency, party or instrumentality over which HMA had no control or duty to control.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

Defendant, HMA breached no contract or warranties, either express or implied.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Any warranties provided with the subject Elantra speak for themselves and defendant, HMA hereby pleads the limitations contained in said warranties and that any warranties may have expired and/or were properly limited, disclaimed, excluded or modified.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred or reduced by the apportionment of damages doctrine.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

At all relevant times, the knowledge of other persons and entities, and the ability of such other persons and entities to take action to prevent the injuries, damages and losses alleged by Plaintiffs was superior to that of HMA and, therefore, if there was any duty to warn Plaintiff, the duty was on those other persons or entities and not on HMA.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The subject Elantra referenced in Plaintiff's Complaint contained proper warnings, information and instructions at the time it left the possession and control of the manufacturer or distributor.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff may have failed to provide defendant, HMA with proper notice of any alleged defect in a timely fashion as required by law, including but not limited to, implied warranty.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant HMA was not reckless, careless or negligent in any manner whatsoever.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant, HMA did not owe a legal duty to Plaintiff and it did not violate or breach any duty with respect to any product or system or components thereafter allegedly distributed by it.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant, HMA was not reckless, careless and/or negligent and did not act wantonly and/or willfully in any manner whatsoever.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

In the event that it is determined that any warranties existed between Plaintiffs and HMA and were breached, it is denied that any breach was the proximate cause of Plaintiffs alleged injuries, losses and damages.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The subject Elantra, including its airbag system and other components, referenced in Plaintiff's Complaint was not defective, dangerous or "unreasonably dangerous" and did not lack some or any element needed to make it safe for its intended or ordinary use at the time it left HMA's possession or control.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

HMA denies that the subject Elantra, including its airbag system and other component parts, referenced in Plaintiff's Complaint malfunctioned or that it did not perform as designed at the time of the subject accident.

**FORTIETH AFFIRMATIVE DEFENSE**

The injuries, losses and/or damages alleged by Plaintiff may have been caused, in whole or in part, by operation of nature or act of God.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

HMA carefully and prudently performed all duties that it may have owed to Plaintiffs, if any.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

HMA denies that any dangerous, hazardous or defective condition existed in the subject Elantra, including its airbag system and other component parts, referenced in Plaintiff's Complaint and HMA further denies that it had knowledge, either actual or constructive notice, of the alleged condition(s) at the time the subject Elantra left its possession or that it, with reasonable diligence, would have had notice of said condition(s).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

The injuries, damages or losses, if any, sustained by Plaintiffs are the result of the failure to properly service, repair and maintain the vehicle referred to in Plaintiffs' Complaint, including its airbag system and other component parts.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The highly reckless conduct of Plaintiffs or entities or individuals not in the control of HMA was the sole or superseding cause of Plaintiffs' alleged injuries, damages or losses.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to heed warnings and instructions given by HMA and others with regard to safety.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

No product allegedly originally distributed by defendant HMA was defective at the time it left its possession or control.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

If defendant HMA extended any warranty with respect to any product encountered by Plaintiffs, recovery for any alleged breach thereof is precluded by failure to comply with terms or conditions of the warranty.

**FORTY-EIGHT AFFIRMATIVE DEFENSE**

Any warranties provided speak for themselves and HMA hereby pleads the limitations contained in said warranties and that any warranties were properly limited, disclaimed excluded or modified.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Joint and several liability are unconstitutional and violate the United States Constitution and Pennsylvania Constitution, including but not limited to defendant HMA's rights to due process and equal protection of the law. Further, several liability is an unconstitutional taking in light of apportionment under the Pennsylvania Comparative Negligence Act.

**FIFTIETH AFFIRMATIVE DEFENSE**

The subject accident and Plaintiffs' alleged injuries, damages or losses may have been solely caused by the negligent or intentional diversion of Plaintiff Christy Kostro's attention away from operating the subject Elantra resulting in distracted operation of the subject Elantra and a loss of her control over the vehicle at the time of the subject accident.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action for punitive damages against HMA.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have no basis in fact or law for requesting punitive damages from HMA.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

The imposition of punitive damages violates the United States Constitution and the Eighth Amendment guarantee against excessive fines.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages violates the due process clause of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages violates the Equal Protection Clause of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

The claim for punitive damages and the requisite burden of proof under Pennsylvania law violates the principles and requirements afforded HMA as outlined in the case of *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Notwithstanding the fact that HMA claims punitive damages are inapplicable, HMA avers that the evidence relative to punitive damages shall not be admissible in the liability and/or compensatory damages proceedings and that a separate, bifurcated and secondary trial/proceeding shall be conducted to determine whether punitive damages are to be awarded if a jury should award compensatory damages.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Notwithstanding that HMA claims punitive damages are inapplicable, if the trier of fact determines, in a separate, bifurcated and secondary trial/proceeding, that punitive damages should be awarded, then a proceeding should be conducted to determine the amount of said damages.

FIFTY-NINTH AFFIRMATIVE DEFENSE

The claim for punitive damages and the requisite proof under Pennsylvania substantive law violates HMA's rights to equal protection and due process under the Constitution of the United States of America and said claim and the requisite burden of proof amounts to an unlawful taking of property without due process of law and, therefore, is in violation of the "Excessive Fines" Clause of the Constitution of the United States of America and is also in violation of the Commerce Clause of the Constitution of the United States of America.

SIXTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages without providing the jury with meaningful standards which limit their discretion would violate defendant, HMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages without providing adequate standards of post-trial and appellate review would violate HMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages established by a standard requiring a mere preponderance of the evidence as opposed to clear and convincing evidence would violate HMA's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages without bifurcating the trial as to all punitive damages would violate HMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff, Christy Kostro was a sophisticated and/or knowledgeable user and, therefore, HMA is not legally responsible for either the acts or omissions of the knowledgeable user or misinformation or lack of information provided to Plaintiff.

**WHEREFORE**, defendant Hyundai Motor America demands judgment in its favor and against Plaintiffs on all claims and damages asserted in their Complaint, together with costs of suit, attorneys' fees and any other relief deemed appropriate by the Court.

## CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION AGAINST DEFENDANTS JOHN DOE MANUFACTURER 1, JOHN DOE MANUFACTURER 2, JOHN DOE DISTRIBUTOR 1, JOHN DOE DISTRIBUTOR 2 AND JOHN DOE DEALERSHIP

1. Defendant, HMA incorporates herein by reference its Answer to Plaintiffs' Complaint with Affirmative Defenses and Crosslaims set forth above as though said Answer was fully set forth at length herein and asserts the following crossclaims against John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership.

2. Defendant, HMA denies any and all liability to the Plaintiffs but if they are entitled to any recovery based on the allegations of their Complaint, said recovery would be predicated upon the negligence, recklessness, carelessness or other acts or omissions of Defendants John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John

Doe Distributor 2, and John Doe Dealership, including but not limited their breach of duties owed to HMA and/or the subject Elantra, and/or their breach of contract.

3. Defendant HMA denies any and all liability to Plaintiffs but if they are entitled to any recovery based upon the allegations of their Complaint, Defendants John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership are alone liable for any injuries, damages, expenses or losses which may have been sustained by Plaintiffs.

4. If, as a result of the matters alleged in Plaintiffs' Complaint, Defendant HMA is or may be held liable to Plaintiffs for all or part of such injuries, damages or losses which Plaintiffs may have sustained, then Defendants John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership are alone liable for such injuries, damages or losses and/or are liable over to HMA by way of contribution, common law indemnification and/or contractual indemnification for all such injuries, damages or losses, and/or are jointly liable, severally liable and are liable in the alternative pursuant to the Pennsylvania Fair Share Act for all such injuries, damages or losses.

**WHEREFORE**, defendant, Hyundai Motor America denies it is liable on the causes of action declared upon and demands judgment in its favor and against Defendants John Doe Manufacturer 1, John Doe Manufacturer 2, John Doe Distributor 1, John Doe Distributor 2, and John Doe Dealership with costs and attorney's fees and such other relief this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Defendant, HMA hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 and jury of 12 members pursuant to Local Rule of Civil Procedure 48.1(b)(2).

**Lavin, O'Neil, Cedrone & DiSipio**

Date: July 18, 2017

By: /s/ Howard W. Donahue, Jr.
Gerard Cedrone, Esquire
Howard W. Donahue, Jr.
*Attorneys for Defendant, Hyundai Motor America (incorrectly captioned as "Hyundai Motor America; Hyundai Motor American Corporation).*

1939840v1

**CERTIFICATE OF SERVICE**

I, Howard W. Donahue, Jr., Esquire hereby certify that on this 18th day of July, 2017, a true and correct copy of Defendant Hyundai Motor America's Answer to Plaintiffs' Complaint with Affirmative Defenses, Crossclaims and Jury Demand was served upon all counsel listed below via the Court's ECF system.

Michael J. Pisanchyn, Esquire
Bradley D. Moyer, Esquire
Pisanchyn Law Firm
524 Spruce Street
Scranton, PA 18503
*Attorneys for Plaintiffs, Christy and Michael Kostro*

s/ Howard W. Donahue, Jr.
Howard W. Donahue, Jr., Esquire